UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNY D. COMBS                                    CIVIL ACTION NO. 08-cv-0028

VERSUS                                                  JUDGE HICKS

U.S. COMMISSIONER SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Kenny Combs filed this civil action to challenge a decision of the Commissioner of the Social Security Administration. His complaint is on a form provided by the Clerk of Court and does not identify any particular error in the agency decision. Combs was granted leave to proceed in forma pauperis. After the case was pending more than one year without Combs filing proof of service or filing a motion requesting service, the Clerk of Court issued a notice of intent to dismiss for failure to make timely service.

The Clerk of Court made a non-public entry on the docket sheet that it had received a telephone call from Mr. Combs regarding the notice of intent to dismiss. The Clerk sent Mr. Combs a copy of a standard letter provided to pro se litigants about the litigation process. The letter includes instructions on how to achieve service of process.

The court noticed that Mr. Combs had made inquiry about serving the case, so an order (Doc. 5) was entered that granted an extension until March 1, 2009 to file evidence of service. The Clerk of Court was directed to send to Mr. Combs a copy of three summons forms (completed with the names and addresses of the Commissioner, U.S. Attorney, and

Attorney General who were to be served). Thus, all Mr. Combs had to do was fill in his name and address on the summons forms and mail them (along with a copy of his complaint) by certified mail to the addresses already typed on the summons forms.

The March 1 deadline has come and gone, and there is no evidence in the record that Mr. Combs took any action to serve his case. The court has provided Mr. Combs with every bit of information needed to serve his complaint. If he is unable to achieve that simple task, there is serious doubt that he would be able to file a meaningful brief or take the other steps necessary to prosecute his appeal. Under these circumstances, it is recommended that this civil action be dismissed without prejudice for failure to make timely service and failure to prosecute.

Accordingly;

**IT IS RECOMMENDED** that the complaint be **dismissed without prejudice** for failure to make timely service and failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of March, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE